**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUBREY WARD BIBBS, *and*
CRYSTAL BASHELYA BIBBS,

      Plaintiffs,

v.

MARY S. SCRIVEN, *United States*
*District Judge, Middle District of*
*Florida, in her individual capacity,*

      Defendant.

Case No. 8:26-cv-772-KKM-SPF

_____

## <u>ORDER</u>

Pro se plaintiffs Aubrey Ward Bibbs and Crystal Bashelya Bibbs sue United States District Judge Mary S. Scriven. *See* Compl. (Doc. 1). They allege Fifth Amendment Due Process Clause violations arising out of events that occurred in a separate case before Judge Scriven, 8:26-cv-32-MSS-AAS, *Bibbs et al. v. Gabbard*. Because Judge Scriven is entitled to judicial immunity, this action is dismissed with prejudice.

According to the complaint, the Bibbs "were defendants in a state foreclosure action in which the [state court] plaintiff failed to allege facts establishing standing at inception." *Id.* ¶ 9. The Bibbs sued the state court judge under 42 U.S.C. § 1983, alleging that she wrongfully exercised

jurisdiction. *See* 8:26-cv-32-MSS-AAS, (Doc. 1). On January 12, 2026, Judge Scriven sua sponte dismissed the complaint with prejudice on the grounds that the Bibbs' claims were barred by judicial immunity. *Bibbs v. Gabbard*, No. 8:26-CV-32-MSS-AAS, 2026 WL 83993, at \*1 (M.D. Fla. Jan. 12, 2026).

I do the same here. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Here, there are no allegations suggesting that Judge Scriven took any actions in the "clear absence of all jurisdiction," *id.*, and the claims arise out of Judge Scriven's actions in her official capacity as a district judge. That the plaintiffs seek injunctive and declaratory relief, rather than damages, does not change the outcome. *See Stevens v. Osuna*, 877 F.3d 1293, 1308 (11th Cir. 2017) ("Absolute immunity protects [judges] both from Plaintiff's *Bivens* claim seeking money damages and also the claim for injunctive relief."); *McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at \*1 (11th Cir. May 20, 2020) (per curiam) ("Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable.").

I dismiss the action with prejudice. The Eleventh Circuit ordinarily requires that a court give a pro se plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citation modified). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (per curiam). Amendment would be futile because Judge Scriven has absolute immunity.

Accordingly, the following is **ORDERED**:

1.   This action is **DISMISSED**. The Clerk is directed to enter **JUDGMENT**, which shall read "The case is dismissed with prejudice," **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, March 30, 2026.

Kathryn Kimball Mizelle
United States District Judge

3